TASHIMA, Circuit Judge,
concurring:
I concur in all respects in the majority opinion, as well as in Judge Graber’s concurring opinion. I write separately briefly to address another issue raised in this appeal, which the majority does not address, because it is likely to arise again on retrial.
At the trial, plaintiff Geraldine Barabin, Henry Barabin’s wife, testified that she wanted to be able to maintain her health, continue caring for Henry, and be able to pay for Henry’s necessary medications. She further testified that she did not “want to be left destitute,” implying that she would be so left without a recovery from defendants. On cross-examination, defendants sought to impeach Mrs. Barabin’s credibility regarding her fear of financial destitution by reference to collateral source evidence. The district court sustained plaintiffs’ objection to this line of inquiry without extended discussion, citing the collateral source rule, which generally bars such evidence.
But no reported Washington case appears to have confronted the question of whether evidence of collateral source payments can be used for impeachment. Oth *434 er jurisdictions, however, recognize an impeachment exception to the collateral source rule. See, e.g., Corsetti v. Stone Co., 396 Mass. 1, 483 N.E.2d 793, 802 (1985) (“Our cases have long recognized that in some circumstances, evidence of collateral source income may be admissible ... ‘as probative of a relevant proposition ... or credibility of a particular witness' " (emphasis in original)); McKinney v. Cal. Portland Cement Co., 96 Cal. App.4th 1214, 117 Cal.Rptr.2d 849, 855-56 (2002) (“There are exceptions to the [collateral source] rule of exclusion, for example, where the defendant is allowed to introduce otherwise inadmissible evidence ... to impeach self-serving testimony....”). Similarly, the Supreme Court has recognized that even evidence excludable under the Miranda rule is admissible for impeachment. See Harris v. New York, 401 U.S. 222, 224-25, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).
The district court appears not to have considered whether the Washington Supreme Court would, if so confronted, recognize an impeachment exception to the collateral source rule, but relied only on the “well-established” general rule. Because there appear to be good grounds to recognize an impeachment exception to the Washington collateral source rule, and because of the lack of controlling Washington case law, should the issue arise again on retrial, it would be helpful on appeal if the district court would articulate the reasons for its ruling on this issue.